Cheryl **BARAHONA** and Kuba Ostachiewcz, on behalf of themselves and others similarly situated, Plaintiffs,

v.

**T–MOBILE USA, INC., Defendant.**

No. C08–1631RSM.

United States District Court,
W.D. Washington,
at Seattle.

May 15, 2009.

Jeffrey D. Friedman, Shana E. Scarlett, Hagens Berman Sobol Shapiro LLP, Michael L. Schrag, Tyler R. Meade, Meade & Schrag, Berkeley, CA, Steve W. Berman, Hagens Berman Sobol Shapiro LLP, Seattle, WA, for Plaintiffs.

Christopher B. Hockett, Neal Alan Potischman, Sandra D. West, Davis Polk & Wardwell, Menlo Park, CA, Leonard J. Feldman, Margarita V. Latsinova, Stoel Rives, Seattle, WA, for Defendant.

## ORDER ON MOTION TO DISMISS OR STAY THIS ACTION

RICARDO S. MARTINEZ, District Judge.

This matter is before the Court for consideration of defendant's motion to dismiss or, in the alternative, to stay this action. Dkt. # 24. Plaintiffs have opposed the motion, and the Court has fully considered the parties' memoranda and supplemental filings. Defendant's motion shall be granted in part, and denied in part, as set forth below.

## BACKGROUND

Plaintiffs Cheryl Barahona and Kuba Ostachiewcz, residents of California, bring this action on behalf of themselves and all others similarly situated, to challenge the fees charged by defendant T–Mobile USA ("T–Mobile") for late payment of bills for cellular phone service. The late fee amount is $5.00 or 1.5% per month of the outstanding balance, whichever is greater. Plaintiffs contend that this late fee provision is void and unenforceable under Cali-

fornia Civil Code § 1671, and violates other specified provisions of California law.[1]

Defendant has moved to dismiss the action for failure to state a claim or, in the alternative, to stay the action and refer it to the Federal Communications Commission ("FCC") pursuant to the doctrine of primary jurisdiction. Defendant asserts that the late fee is a "rate" over which the FCC has exclusive jurisdiction pursuant to the Federal Communications Act ("FCA"), 47 U.S.C. § 332. Plaintiffs have opposed the motion, contending that the late fee is not a "rate" but rather a term or condition of service which may be subject to state regulation.

## DISCUSSION

Section 332(c)(3)(A) of the FCA grants the Federal Communications Commission ("FCC") exclusive authority over the rates of wireless carriers, providing that "no State or local government shall have any authority to regulate the entry of or the rates charged by any commercial mobile service or any private mobile service." 47 U.S.C. § 332(c)(3)(A). The Act further provides, however, that "this paragraph shall not prohibit a State from regulating the other terms and conditions of commercial mobile services." *Id.* Thus, while a state may not regulate a wireless carrier's "rates," it may regulate "other terms and conditions" of wireless service. Resolution of defendant's motion turns on whether the late fees are "rates" subject to the primary jurisdiction of the FCC.

 The doctrine of primary jurisdiction "is concerned with promoting proper relationships between the courts and administrative agencies charged with particular regulatory duties." *Nader v. Allegheny Airlines, Inc.*, 426 U.S. 290, 303, 96 S.Ct. 1978, 48 L.Ed.2d 643 (1976). The

doctrine is properly invoked when enforcement of a claim in court would require resolution of issues that have already been placed within the special competence of an administrative body. In a frequently quoted passage, Justice Frankfurter described the following circumstances where the doctrine is to be applied:.

> [I]n cases raising issues of fact not within the conventional experience of judges or cases requiring the exercise of administrative discretion, agencies created by Congress for regulating the subject matter should not be passed over.... Uniformity and consistency in the regulation of business entrusted to a particular agency are secured, and the limited functions of review by the judiciary are more rationally exercised, by preliminary resort for ascertaining and interpreting the circumstances underlying legal issues to agencies that are better equipped than courts by specialization, by insight gained through experience, and by more flexible procedure.

*Far East Conference v. United States,* 342 U.S. 570, 574–75, 72 S.Ct. 492, 96 L.Ed. 576 (1952).

 The doctrine is applied on a case-by-case basis, considering several factors. First, the court should examine "whether the reasons for the existence of the doctrine are present and whether the purposes it serves will be aided by its application in the particular litigation." *United States v. Western Pac. R. Co.*, 352 U.S. 59, 64, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956). Second, the court must determine if uniformity is desirable and could be obtained through administrative, rather than judicial, review. *Id.* (citing *Texas & Pac. Railway Co. v. Abilene Cotton Oil Co.*, 204 U.S. 426, 27 S.Ct. 350, 51 L.Ed. 553

---

**1.** Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.;* Unfair Business Practice Act, Cal. Bus. & Prof.Code § 17200 *et* *seq.;* and Cal. Civil Code §§ 223, 224, and 3517. Complaint for Damages and Injunctive Relief, Dkt. # 1.

(1907)). Finally, the court considers the "expert and specialized knowledge of the agencies involved...." *Western Pac.*, 352 U.S. at 64, 77 S.Ct. 161.

■ The Court finds, in applying these factors here, that the doctrine of primary jurisdiction is applicable. Regulation of wireless telephone services, particularly the rates charged, is a matter that Congress has placed within the special competence of the FCC. 47 U.S.C. § 332(c)(3)(A). It follows that determination as to whether the late fee is a "rate charged" is also within the special competence of the FCC. Further, it is an area in which there is a need for uniformity. If this Court were to consider the reasonableness of Defendants' challenged billing practice, issues related to the regulation of these services would necessarily be involved. Allowing the FCC to first consider whether defendants' late payment charges are "rates" within the meaning of the Communications Act is thus consistent with the purposes of the primary jurisdiction doctrine. Congress has created this agency to regulate the subject matter at issue here. Should the FCC determine that the late fees are "rates," the agency's expertise should be applied to determine whether the fees are "reasonable" and "just."

Referral of this matter to the FCC will also promote uniformity and consistency in its regulation of the telecommunications industry. Uniformity is very much at issue here, as the parties have pointed to court decisions which have taken opposite positions on the matter of late fees and whether they are "rates" within the meaning of § 332 of the FCA. Defendant cites *Kiefer v. Paging Network, Inc.*, 50 F.Supp.2d 681 (E.D.Mich.1999), in which the district court applied the doctrine of primary jurisdiction and referred to the FCC the question of whether the late fees charged by defendant, a provider of paging services, were reasonable. *Id.* at 681. In so doing, the court necessarily found that the late fees were "rates" subject to the application of the doctrine of primary jurisdiction. The FCC subsequently determined that the late fees—which were the same as those charged by defendant here—were reasonable. *In the Matter of Kiefer v. Paging Network, Inc.*, FCC File No. EB–00–TC–F–002, 2001 WL 1242323 (October 18, 2001). Defendant's request that this action be dismissed is based on the assertion that the *Kiefer* decision by the FCC is determinative of the issues presented here.

Plaintiffs, on the other hand, argue that the late fee is a penalty, not a rate, and assert that "[a]lmost every court analyzing whether the term "rate" permits cellular carriers to impose unlawful penalties has found Congress did not intend section 332 to have such a broad preemptive effect." Plaintiffs' Opposition, Dkt. # 25, p. 2. Plaintiffs cite to *Gellis v. Verizon Communications, Inc.*, Cause No. C07–3679 JSW (N.D.Cal.2007), in which the district court denied a defense motion to dismiss, finding that the plaintiffs' challenge to late fees imposed by Verizon Wireless was not preempted by section 332. *Id.*, Dkt. # 32, p. 6. The California district court distinguished *Kiefer* by noting that the Michigan case involved a challenge under federal law, Section 201(b) of the FCA, rather than a challenge under state law. *Id.* at 4. The plaintiffs in *Gellis* subsequently amended their complaint to include a challenge to both late fees and reconnect fees. A second motion to dismiss was recently denied by the district court. *Id.*, Dkt. # 73. A motion for certification of the two dismissal orders for interlocutory appeal under 28 U.S.C. § 1292(b) is pending. *Id.*, Dkt. # 79.

In view of the disparity between the cases cited by the parties, the Court finds that the interest of uniformity weighs heavily in favor of deferring to the expertise of the FCC under the primary jurisdiction doctrine. The FCC's determination as to whether defendant's late payment charge is a "rate" and if it is, whether the rate is reasonable, will necessarily guide similar suits against other telecommunication providers. It will likewise guide any decision by this Court regarding plaintiff's state law claims. Thus, use of the primary jurisdiction doctrine and referral to the FCC will avoid disparate or conflicting requirements for telecommunication providers, and promote uniformity.

Accordingly, it is hereby ORDERED:

Defendant's alternative motion to stay proceedings is GRANTED. Under the doctrine of primary jurisdiction, this matter is STAYED and REFERRED to the FCC for a determination as to whether the late fees charged by defendant are "rates", and if so, whether they are reasonable under applicable law.

Plaintiffs shall be responsible for initiating proceedings before the FCC. Plaintiffs shall file in this Court, within six months of this date and each six months thereafter, a status report regarding the progress of the proceedings before the FCC.